**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-4496**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES JOSHUA HARDESTY, a/k/a James Hardesty,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Senior District Judge. (1:20-cr-00066-IMK-MJA-1)

───────────────

Submitted: March 20, 2023                    Decided: March 30, 2023

───────────────

Before NIEMEYER and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** L. Richard Walker, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia; Zoey Vilasuso, Law Student, WEST VIRGINIA UNIVERSITY SCHOOL OF LAW, Morgantown, West Virginia, for Appellant. William Ihlenfeld, United States Attorney, Wheeling, West Virginia, Sarah E. Wagner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Joshua Hardesty pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The charge arose after a Fairmont, West Virginia, police officer conducted a *Terry*\* stop and recovered a firearm from Hardesty's jacket pocket. Hardesty moved to suppress the firearm as evidence, arguing that it was the fruit of an unlawful seizure. The district court denied the motion, and Hardesty subsequently entered his guilty plea, preserving the right to challenge the court's denial of his motion to suppress. The district court sentenced Hardesty to 63 months' imprisonment. On appeal, Hardesty contends that the officer lacked reasonable suspicion for the stop. We affirm.

"When reviewing a district court's ruling on a motion to suppress, [we] review[] conclusions of law de novo and underlying factual findings for clear error." *United States v. Fall*, 955 F.3d 363, 369-70 (4th Cir. 2020) (cleaned up). "If, as here, the district court denied the motion to suppress, [we] construe[] the evidence in the light most favorable to the government." *Id.* at 370 (cleaned up).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Under well-established doctrine, a police officer may, consistent with the Fourth Amendment, conduct a brief investigatory stop—known as a '*Terry* stop'—predicated on reasonable, articulable suspicion that 'criminal activity may be afoot.'" *United States v. Mitchell*, 963 F.3d 385, 390 (4th Cir. 2020) (quoting *Terry*, 392 U.S. at

---

\* *Terry v. Ohio*, 392 U.S. 1 (1968).

2

30).  The officer must have "at least a minimal level of objective justification," meaning that he "must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." *Illinois v. Wardlow*, 528 U.S. 119, 123-24 (2000) (internal quotation marks omitted).  "The degree to which the police may rely on a tip to establish reasonable suspicion depends on the tipster's veracity, reliability, and basis of knowledge." *United States v. Kehoe*, 893 F.3d 232, 238 (4th Cir. 2018).  While "[a] tip from an anonymous caller seldom . . . contains sufficient indicia of reliability necessary to provide the reasonable suspicion necessary to justify a *Terry* stop and frisk," "courts generally presume that a citizen-informant or a victim who discloses his or her identity and basis of knowledge to the police is both reliable and credible." *Id.*  Courts assess whether an officer has articulated reasonable suspicion for a stop under "the totality of the circumstances," giving "due weight to common sense judgments reached by officers in light of their experience and training." *United States v. Perkins*, 363 F.3d 317, 321 (4th Cir. 2004); *see Mitchell*, 963 F.3d at 390.

Here, the responding officer testified at the hearing on Hardesty's motion to suppress.  He recounted that dispatch told him a caller was concerned about a man who was potentially overdosing or having a seizure.  The caller identified herself, implied that she resided nearby, and relayed what she was observing in real time.  She provided detailed information about the man's appearance, behavior, and location.  When the officer arrived on the scene shortly thereafter, he found Hardesty in the described location and matching the physical description provided by the caller.  The officer also observed behavior that he believed was consistent with intoxication.  The district court found that the caller was

3

reliable and credible and that the officer was entitled to rely on the caller's information and his own observations to establish reasonable suspicion to seize Hardesty.  Considering the totality of the circumstances, we conclude that the district court did not err in denying Hardesty's motion to suppress.  *See Perkins*, 363 F.3d at 321.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*